

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
WILLXXXXXXXXXXX
ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-1468
Re: Is the sheriff of Willacy County entitled
to mileage fees according to stated facts?

We are in receipt of your request concerning the
following question:

"The Sheriff of Willacy County went to
the State line on Justice of the Peace Warrant
for a defendant charged with burglary of a
store in Willacy County--a felony case. He re-
turned with the prisoner to Willacy County, and
the Grand Jury returned an indictment against
the defendant for the offense of burglary, based
upon the testimony given in the Examining Trial.
Upon trial of the case it was learned the defend-
ant was a juvenile and the case was transferred
to the County Court.

"Is the Sheriff of Willacy County entitl-
ed to his mileage fees for going to and return-
ing from the place of arrest?

"You will notice in this connection that
this fee is based upon the charge filed in the
Examining Court. I refer you to Article 1020,
C.C.P.

"If you hold that the Sheriff is entitled
to the fee, then would the same rule apply to
reducible cases with reference to the fee?"

Article 1019, as amended, C.C.P., provides:

"If the defendant is indicted for a felony
and upon conviction his punishment is by fine or
confinement in the county jail, or by both such
fine and confinement in the county jail or convic-

ted of a misdemeanor, no costs shall be paid by the State to any officer. All costs in such cases shall be taxed, assessed and collected as in misdemeanor cases."

Article 1020, as amended, C.C.P., in its second and fourth paragraphs reads as follows:

"Sheriffs and Constables serving process and attending any examining court in the examination of any felony case, shall be entitled to such fees as are fixed by law for similar services in misdemeanor cases in County Court to be paid by the State, not to exceed Four and No/100 ($4.00) Dollars in any one case, and mileage actually and necessarily traveled in going to the place of arrest, and for conveying the prisoner or prisoners to jail as provided in Articles 1029 and 1030, Code of Criminal Procedure, as the facts may be, but no mileage whatever shall be paid for summoning or attaching witnesses in the county where case is pending. Provided no sheriff or constable shall receive from the State any additional mileage for any subsequent arrest of a defendant in the same case, or in any other case in an examining court or in any district court based upon the same charge or upon the same criminal act, or growing out of the same criminal transaction, whether the arrest is made with or without a warrant, or before or after indictment, and in no event shall he be allowed to duplicate his fees for mileage for making arrests, with or without warrant, or when two or more warrants of arrest or capiases are served or could have been served on the same defendant on any one day.

"* * * *.

"The fees mentioned in this Article shall become due and payable only after the indictment of the defendant for an offense based upon or growing out of the charge filed in the examining court and upon an itemized account, sworn to by the officers claiming such fees, approved by the Judge of the District Court, and said County or District Attorney shall present to the District Judge the testimony transcribed in the examining trial, who shall examine the same and certify that he has done so and that he finds the testimony of one or more witnesses to be material; and provided further that a certificate from the District Clerk, showing that the written testimony

of the material witnesses has been filed with
said District Clerk, in accordance with the
preceding paragraph, shall be attached to said
account before such District or County Attorney
shall be entitled to a fee in any felony case
for services performed before an examining court."

Article 1085, C.C.P., Volume 3, Title 16, "Delin-
quent Child", provides:

"A proceeding against a delinquent child
may be begun by an information based upon a
sworn complaint, each of which shall state in
general terms that the acts alleged constitute
such child a delinquent child, and shall con-
form in other respects to the rules governing
prosecutions for misdemeanors begun by infor-
mation and complaint. Any proceeding so begun
which states upon the face of the information
that the age of the child is under seventeen
in the case of males and under eighteen years
in the case of females shall not be regarded
as charging said child with a felony or a mis-
demeanor but as a delinquent child, although
such acts alleged would otherwise charge a
felony or a misdemeanor. If such pleading
does not allege the age of the accused then
the accused, his or her parent, guardian, at-
torney or next friend, may make and file an
affidavit at any time before announcement of
ready setting up the age of the accused, and
on proof that such age is within the juvenile
limits, the case shall be transferred to the
juvenile docket, or, if the court is not a
juvenile court to the proper juvenile court,
entered on the juvenile docket and proceeded
with against the accused as a delinquent
child upon the same information and complaint."
(Underscoring ours).

Article 5124, Revised Civil Statutes, 1925, Volume
15, Vernon's, Title 82, "Juveniles" reads as follows:

"The officer conveying any male to any
State training school shall be paid by the
County in which such child was convicted the
actual traveling expenses of such officer and
child, and five dollars additional."

Article 5136, Revised Civil Statutes, 1925, Volume
15, Vernon's, Title 82, supra, provides:

The court committing any girl to the
Girls' Training School, in addition to the
commitment, shall annex a carefully prepared
transcript of the trial to aid the officials
of the institution in better understanding
and classifying the girl.  The court shall
also designate some reputable woman to convey
the girl to the institution.  The cost of con-
veying any girl committed to this institution
shall be paid by the county from which she is
committed, provided that no compensation shall
be allowed beyond the actual and necessary ex-
penses of the party conveying and the girl con-
veyed."

Article 1020, C.C.P., dealing with fees in the Ex-
amining Court refers to "Sheriffs and Constables serving pro-
cess and attending any examining court in the examination of
any felony case, etc.," (Underscoring ours).

In the present instance the defendant was a
juvenile, although this fact was not revealed until
the trial.  Nevertheless the effect of the defendant's
age removed  the case from felony classification.  The
status of the defendant was that of a delinquent child
under Article 1085, C.C.P.; and since even a convic-
tion for an offense which otherwise would be a felony
will not alter the fact that the defendant becomes a
delinquent child and not a felony punishable by death
or confinement in the state penitentiary, the sheriff
is not entitled to mileage fees for going to and re-
turning from the place of arrest of the minor under
Article 1020, C.C.P.

Several opinions have been written by this  Depart-
ment during prior administrations.  We wish to quote from a
leading opinion, dated October 7, 1932, by Hon. Bruce W. Bryant,
First Assistant Attorney General, to Mr. M.M. Alexander, County
Auditor, Henrietta, Texas:

"In reply, you are advised that the Comp-
troller of Public Accounts has not for a long
time been allowing fees to district clerks, sher-
iffs, county and district attorneys for services
rendered in felony cases when the defendant was a
juvenile.  These officers are entitled to certain
fees for services rendered in felony cases under
certain conditions.  A felony case is one where
the defendant may be sent to the penitentiary.
Now a juvenile cannot be sent to the penitentiary,

even though he be found guilty of committing acts which would constitute the commission of a felony if he were not a juvenile.

"It is for these reasons that the officers mentioned in your letter cannot receive compensation from the State for their respective services in cases of this character, because as heretofore stated the State only pays such officers where the defendant is charged with or convicted of a felony. This frequently works an undue hardship upon these officers, especially sheriffs and district clerks, especially where the indictment does not allege that the defendant is, if a male, under the age of seventeen years, or, if a female, under the age of eighteen years. However, this is a matter for the Legislature. It is elementary that where the statute prescribes duties to be performed by a public officer and provides no compensation for the performance of that duty, that the officer cannot collect a fee for the performance of said duty." (Underscoring ours).

Your attention is also called to opinion dated October 19, 1936, by Scott Gaines, First Assistant Attorney General, to the Hon. Eugene J. Wilson, County Attorney, Bay City, Texas, in which he holds that no fees are allowed officers for their services under the statutes of this state in juvenile cases tried and disposed in a county court, except the fee and expenses allowed the sheriff for conveying a juvenile to the institution to which he has been committed.

A proceeding in an Examining Court against a juvenile charged with a felony is not a "felony case" within the purview of Article 1020, C.C.P. any more than it would be in an action against said juvenile in a regular county court action.

We must, therefore, answer your question in the negative.

It is our opinion that a sheriff is not entitled to mileage fees from the state under Article 1020, C.C.P., where his prisoner was disclosed to be a juvenile upon trial of the case resulting from indictment for burglary based upon testimony given in the examining trial.

In view of our decision it is unnecessary to answer your second question.

Trusting that we have satisfactorily complied with your request, we are

ATTORNEY GENERAL OF TEXAS


By s/Dick Stout
Dick Stout
Assistant

DS:ob:wc

APPROVED OCT 14, 1939
s/Robert E. Kepke
(Acting) ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman